[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were divorced on March 27, 1987. The court Barall, J. ordered that the defendant pay alimony in the amount of $300 per week. The judgment stated that a modification of alimony was possible upon a finding of a substantial change of circumstances. The judgment contained no term as to the length of the alimony obligation. On January 19, 1993 the defendant moved for a modification of his alimony and insurance obligation. On February 2, 1993 the plaintiff moved that the defendant be held in contempt for failure to pay the $300 per week alimony. This court heard evidence on June 8, 1993.
ALIMONY
In reviewing the affidavit of the defendant the court finds that the income he shows in 1993 is coincidentally the same today as on his 1986 affidavit at the time of the divorce. However, significantly his income is now coming from two different sources; from work and a combination of social security and a small Veteran disability check for 20 dollars. The plaintiff' affidavit shows total reliance on the defendant for alimony and her portion of his social security entitlement.
The issue of alimony for a lifetime has come before this court on many occasions. The continued failure of the court to address alimony after a person retires has been constantly troubling to the court. Should the fact that a person has retired and no longer generates the income that the judgment was entered under itself constitute a substantial change of circumstances. Examining the record shows the choice the court faces. If based upon the cold numbers the court finds there to be no substantial change of circumstances, because the income from whatever sources is the same, the effect would be to have the defendant turnover 100% of his take home pay plus some CT Page 5933 of his social security. Realistically what incentive does the defendant have to work. Certainly our case law would not support holding someone in contempt, for exercising his right to retire after the age of sixty-five. Although the income to the defendant is the same as when he was divorced the court must consider that he is of legitimate retirement age. Here he is actually drawing on his social security and in fact the plaintiff is already receiving money from his partial retirement that was not planned for in the original judgment. It is the court's finding that while the income alone would not be a substantial change of circumstances the nature and different source, i.e. social security does constitute a substantial change of circumstances. The court will reduce the defendant's alimony obligation to $150 per week. In doing so the court recognizes the hardship the reduction places on the plaintiff. However, the court feels that if the parties basically split the earnings of the defendant it will give him the incentive to remain in a working status. If the defendant chooses not to work and live off his social security alone the maximum alimony award to the plaintiff would be 70 dollars or less per week. The record shows that the defendant unilaterally reduced his alimony payments to 50 dollars per week effective January 5, 1993. This court finds an arrearage due to the plaintiff of $5300 as of June 11, 1993. The court will order that the arrearage be paid off at the rate of $50 per week.
COUNSEL FEES
The plaintiff has requested this court award counsel fees in the amount of $2400 to defendant. After reviewing the records submitted to the court to justify the fees requested this court will award fees to the plaintiff counsel in the amount of $800. The issue before this court was neither complex nor time consuming, the plaintiff's attorney submitted no briefs nor did any research the court has found in the record. The defendant will pay fees to plaintiff's counsel in the amount of $50 per month.
Norko, J.